## MEAD, USE, &c. BROOKS.

1. When a note has been paid and delivered up, it will not be presumed that the maker afterwards retains it in his possession; consequently parol evidence is admissible to prove a payment when it becomes a material inquiry, without calling upon the party to whom the writing was delivered to produce it.

Writ of Error to the Circuit Court of Blount.

This was a suit commenced before a justice of the peace, by the plaintiff in error, to recover of the defendant the sum of $20, upon a promise in writing. The cause was removed by appeal to the Circuit Court, where it was tried by a jury upon the plea of *non-assumpsit*, a verdict was returned for the defendant and judgment rendered accordingly.

From a bill of exceptions sealed at the instance of the plaintiff, it appears that he gave in evidence a writing of the following tenor, viz: " Col. Mead. Dear Sir: I will pay twenty dollars for Mr. Decker, on to-morrow week. I have no other money but Georgia money, and Mr. Hale says you wont take that. I have a draft on Decatur, which I shall send for next week, and immediately will bring it to you. Your compliance will much oblige, yours, respectfully, J. S. Brooks. 18th Feb'y, 1841." Here the plaintiff rested his case. The defendant then introduced a witness, who testified that subsequent to the 18th February, 1841,

the plaintiff gave to the defendant a note for fifty dollars ; witness was not present when the note was given, but knew its date, from the fact that it had been in his possession, and he observed its date. Witness stated that he gave up the note to the plaintiff when he paid it off. No notice had been given to the plaintiff to produce the note ; thereupon his counsel moved that the evidence in respect to it, might be excluded from the jury ; which motion was overruled, and the testimony admitted.

C. E. B. STRODE, for the plaintiff in error, insisted, that to authorize the admission of secondary evidence of the contents of a writing, the loss of the writing should be shown, or if in the possession of the opposite party, due notice should have been given to produce it. [He cited 1 Johns. Rep. 339 ; 13 Id. 90 ; 3 Day Rep. 283 ; 8 Pick. Rep. 552 ; 1 Binn. Rep. 273 ; 6 Sergt. & R. Rep. 154 : 7 Ala. Rep. 698 ; 3 Yeates' Rep. 271 , 3 Phil. Ev. C. & H.'s notes, 1182.

W. S. MUDD, for the defendant.

COLLIER, C. J.—The object of the evidence adduced by the defendant, though not explicitly stated by the bill of exceptions, was doubtless to lay a predicate for the presumption that the cause of action set up by the plaintiff had been fully discharged. This inference it is supposed was fairly deducible from the fact, that subsequent to the defendant's assumption, the plaintiff made his note to him for a larger amount, and afterwards discharged that note *in toto*, without claiming a deduction for, or saying any thing about the indebtedness of the defendant. It is clear that such a state of facts was not irrelevant to the issue, and certainly were well worthy of consideration by the jury in determining whether the liability of the defendant was still subsisting.

It is then material to inquire whether the testimony objected to was rightly received. There can be no question but the general rule in regard to the admission of parol proof of facts which are evidenced by writing, is quite as stringent as has been insisted for by the plaintiff. But does not the case at bar form an exception to the rule ? Can the presumption be indulged after a note or other evidence of debt has been discharged and delivered to the debtor, that he still retains it in his possession ? We have upon

106

several occasions intimated otherwise, and still think that in such case parol evidence is admissible to prove a payment, without calling upon the party to whom the writing was delivered, to produce it. [P. & M. Bank of Mobile v. Borland, 5 Ala. Rep. 531 ; P. & M. Bank of Mobile v. Willis & Co. Id. 770 ; See also, Berthoud v. Barboroux, 4 Louis. Rep. N. S. 543.]

It results from what has been said, that the law was rightly ruled by the Circuit Court. Its judgment is consequently affirmed.